McCOWN, ADMR., v. NORTHEASTERN R. R.

1. Change of Venue—Appeal.—Is an order granting a change of venue appealable?

2. Ibid.—Ibid.—Clerk of Court.—An order of a Circuit Judge changing the venue in a civil case because plaintiff cannot obtain a fair and impartial trial, on the ground that he, as clerk of Court, assists in drawing the juries, is a finding of fact, and cannot be reviewed by this Court.

Before Aldrich, J., Florence County, winter term, 1899. Affirmed.

Action for damages for negligent killing of James M. Mayo by J. W. McCown, as administrator of James M. Mayo, against Northeastern Railroad Company.

From order granting change of venue, defendant appeals.

*Messrs. Fitsimons & Moffett* and *Wilcox & Wilcox,* for appellant, cite: *Granting the motion is discretionary, but es-*

*sential facts must appear:* 3 McC., 383. *Order based on issue of fact rarely disturbed:* 38 S. C., 399; 54 S. C., 368; 46 S. C., 317. *Abuse of discretion is error:* 28 S. C., 318; 25 S. C., 385; 53 S. C., 198. *Acting on erroneous principle is error of law:* 54 S. C., 368, 234; 50 S. C., 405; 14 S. C., 428; 19 S. C., 575; 26 S. C., 416. *Order is appealable* 40 S. C., 465; 11 S. C., 122; 36 S. C., 559; 34 S. C., 345; 49 S. C., 322, 325; 34 S. C., 169. *Right to move may be lost by laches:* 16 S. C., 617; 24 S. C., 105. *The railroad is a resident of both counties:* 47 S. C., 387; 72 Tex., 410; 18 S. W. R., 954; 56 Am. Dec., 497. *Railroad is entitled to jury of county in which cause of action arose:* 30 S. E. R., 673. *Plaintiff cannot select the county:* 8 S. C., 238. *No close relation of a party can draw jury:* 5 S. C., 429; 39 S. C., 406; 5 Johns, 133. *Jury may be drawn without the clerk:* 5 S. C., 429; Rev. Stat., 2373, 2389; 13 Am. Dec., 678.

*Messrs. C. A. Woods, S. W. G. Shipp* and *Geo. G. Thompson,* contra, cite: *Court may pass order changing venue:* Art. 6, sec. 2, Con. 1895; Code, 147; 24 Ore., 261. *Defendant resides in both counties:* 25 S. C., 385. *Order is in discretion of Court:* 6 S. C., 313; *but when question of jurisdiction arises, order is appealable:* 9 S. C., 284; 46 S. C., 322. *Qualified jury cannot be had in Florence County:* 36 S. C., 400. *Plaintiff is not now estopped from moving on this ground:* 46 S. C., 321. .

June 27, 1899.   The opinion of the Court was delivered by

Mr. Justice Pope.   This action for damages was begun in the county of Florence, in said State, on 24th December, 1897.   After issue joined and when called for trial at September term, 1898, the defendant challenged the array of jurors, on the ground that the plaintiff, while he was the administrator of the personal estate of James M. Mayo, deceased, who had departed this life in the county of Florence, in said State, and of whose personal estate the plaintiff had

been appointed administrator by the probate court for Florence County, was also clerk of the court of common pleas for Florence County, and is interested in the result of this case, both as an individual, to the extent of his commissions as administrator upon any judgment and sum recovered in this action, and also in his representative capacity as administrator; that the said McCown, as clerk of said court, prepared the statement of the number of jurors required for each term of Court; that the said McCown, as said clerk, keeps the jury box in his custody, and also the key to one of the three locks on said box; that said McCown, as clerk, issued the writs of *venire facias* for this array of jurors now in attendance upon the Court; that said McCown, as clerk, is a member of the board of jury commissioners, and as such participates in the work of said board, &c. The Circuit Judge sustained the challenge to the array of jurors, incorporating in his order therefor the admission of defendant's counsel that no charge of any corrupt or illegal conduct on the part of the clerk was intended, but that they had the highest opinion of his personal integrity. On the 20th February, 1899, notice was duly served of a motion by the plaintiff for an order changing the venue of this case from the county of Florence to the county of Williamsburg, which was a county in the same Judicial Circuit, on the ground that a fair and impartial trial of this case cannot be had in the county of Florence, on the annexed affidavit, which set out the connection of the plaintiff as clerk of court of Florence with the drawing of jurors, and other things, as previously alleged by the defendant, to cause the Circuit Court to grant its challenge to the array of jurors. His Honor, Judge Aldrich, made the following order: "This is a motion in the cause on affidavits, to change the venue of the case from the county of Florence, the county where the action was commenced, to the county of Williamsburg, or some other county in the Third Judicial Circuit, on the grounds set out in the said motion papers, and for an order to remove the record of said cause to such other county, for the purpose of trial therein. After hear-

ing argument for and against said motion, I find and hold that a fair and impartial trial of this cause cannot be had in the county of Florence, and, on the grounds stated in the said motion papers, it is ordered, that the venue of this case be, and the same is hereby, changed to the county of Williamsburg, and that the record of said cause be duly removed to the said county of Williamsburg for the purpose of trial therein."

The grounds of appeal are: "1. His Honor erred in finding and holding that a fair and impartial trial of this cause cannot be had in the county of Florence on the grounds stated in the motion papers, because it is submitted that said motion papers do not show or tend to show that a fair and impartial trial cannot be had therein. 2. His Honor erred in changing the place of trial upon the ground that a fair and impartial tral cannot be had in Florence County, because said motion was unsupported by any affidavit, stating any facts tending to show that such a trial could not be had in said county. 3. Because the facts stated in the affidavits, which purport to show the inability to obtain an immediate impartial trial of this case, really show that the partiality or impartiality depends solely upon the acts of the plaintiff himself as an officer of the law, and of these he cannot complain. It is submitted that J. W. McCown, as administrator, cannot base any right of removal, or complain of the acts of J. W. McCown, as clerk of court or jury commissioner, which acts render or might render a fair and impartial trial impossible. 4. Because the motion papers do not show that a fair and impartial trial of this case of the estate of Mayo *v.* Northeastern Railroad Company, cannot be had in Florence County. 5. There is nothing in the record to show any unfairness or partiality apart from the acts of plaintiff himself as an officer. If partiality or unfairness were or might be exercised, the presumption is that it will be in favor of and not against the plaintiff, and plaintiff cannot complain of the conduct and result of a trial in which partiality is or might be shown to his own side of the case. 6. Because, so far

from showing that a fair and impartial trial cannot be had, the motion papers simply show that an immediate trial may not be had, because of plaintiff's own act in selecting Florence County as the place of trial.    7. Because the plaintiff having full presumptive knowledge of his inability to draw and empanel a jury to try his own case, and having voluntarily selected Florence as the situs of his action, when he could have selected Williamsburg as well, and having attempted at the last term of Court to try his case by a jury drawn by himself, and having resisted the challenge to the jurors made upon that ground, is, we submit, now estopped from assigning as a cause for removal the facts of his official position. 8. It is submitted that if the fact of being administrator, prevented plaintiff, as clerk, from drawing an impartial or legal jury, plaintiff's remedy is either to resign his position as administrator or his office as clerk."

We have reproduced the grounds of appeal here for a purpose.    Section 2 of article VI. of our present State Constitution provides as follows: "It shall be the duty of the General Assembly to pass laws for the change of venue in all cases, civil and criminal, over which the Circuit Courts have original jurisdiction, upon a proper showing, supported by affidavits, that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced. * * * *And provided, further,* That if a change be ordered, it shall be to a county in the same Judicial Circuit."    Section 147 of our Code of Procedure, in the 2d subdivision thereof, provides that the Court may change the place of trial, "When there is reason to believe that an impartial trial cannot be had therein."    It is very evident that the Circuit Judge is to pass upon the question of a change of venue, upon notice supported by affidavit, and that if a change is ordered, it must be to some county within the same Judicial Circuit in which the original county was.    We find by the showing here made and by the order of the Circuit Judge that there was a notice given to the adverse party; that the application was supported by an affidavit, and that the

change of venue was directed to be made to Williamsburg County, which is in the Third Judicial Circuit. Upon reading the different grounds of appeal, it appears that they relate to alleged errors in findings of fact by the Circuit Judge. As long ago as the case of *Gower* v. *Thomson*, 6 S. C., 313, this Court held that an order of a Circuit Judge denying a motion in a civil action to change the place of trial, made under section 149 (now section 147) of the Code of Procedure, is not appealable. The matter of change of venue in this case clearly fell under the jurisdiction of Judge Aldrich, as presiding Judge of the Third Judicial Circuit, in the Court of Common Pleas for Florence County, at the winter term of such Court. Affidavits were submitted to him. He found as a fact that the plaintiff could not obtain a fair and impartial trial in Florence County. His decision being one upon fact, is not reviewable by this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.